IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ULICO CASUALTY COMPANY ) | CASE NO. 2:05-cv-791 |
| ) | |
| Plaintiff, ) | JUDGE WATSON |
| ) | |
| v. ) | |
| ) | **MOTION TO DISMISS** |
| KEYBANK NATIONAL ASSOCIATION, et al., ) | |
| ) | |

Now come Defendants KeyBank National Association ("KeyBank"), Victory Capital Management, Inc. ("Victory") and James Thompson ("Thompson") (collectively "Defendants"), by and through Counsel, and pursuant to Fed.R.Civ. Pro 12(b) move the Court to dismiss the Complaint of Ulico Casualty Company ("Ulico") on the grounds that Ulico lacks standing under 29 U.S.C. § 1101 et seq, ("ERISA") to pursue the claims asserted in the Complaint.  Dismissal is appropriate because accepting the facts as alleged in the Complaint, Defendants are entitled to judgment as a matter of law.  A Memorandum in Support of this Motion is attached hereto and incorporated herein by reference.

Respectfully submitted,

/s/  Karen L. Giffen
Karen L. Giffen ( 0042663)
Steven R. Malynn (0067339)
GIFFEN & KAMINSKI, LLC
1717 East Ninth  Street, Suite 2100
Cleveland, Ohio 44114
Phone: 216-621-5161
Fax:    216-621-2399
E-mail:  kgiffen@thinkgk.com
              smalynn@thinkgk.com

*Attorneys for Defendants KeyBank National Association, Victory Capital Management, Inc., and James Thompson*

**MEMORANDUM IN SUPPORT**

In its Complaint Ulico asserts common law negligence, breach of fiduciary duty and vicarious liability claims based on the alleged failure of Defendants to properly invest pension funds on behalf of Ulico's insured, Sheet Metal Worker's Local 98 Pension Fund ("Pension Fund") a defined benefit pension plan governed by ERISA.  According to the Complaint, Victory is a Custodian of assets belonging to the Pension Fund, KeyBank is the corporate parent, and Thompson is the employee of Victory responsible for following the instructions of the designated Fund Manager.  Ulico, an insurance company, asserts subrogation rights (terming them "contribution and indemnification") for payments made on behalf of the Pension Fund. While denying that any misconduct occurred, Defendants note that Ulico may not assert rights that the Pension Fund did not possess.[1]

**ERISA Preempts Ulico's Claims.**

As a matter of law the claims in the Complaint are preempted by ERISA.  "Common law breach of fiduciary duty claims are clearly preempted by ERISA."[2] In fact, under ERISA, the Pension Fund is an ERISA plan that is not authorized to bring suit against an ERISA fiduciary. The Sixth Circuit case *Smith v. Provident Bank* is directly on point and controls every issue of law discussed below.

**Ulico, acting in the stead of the Pension Fund, does not have standing.**

The enforcement scheme mandated by ERISA allows a beneficiary or participant, another fiduciary, or the Secretary of Labor to seek recovery for wrongdoing by an ERISA fiduciary.  "It

---

[1] No subrogee may succeed to rights not possessed by its subrogor. *Chemtrol Adhesives, Inc. v. American Mfrs. Mut. Ins. Co*. (1989), 42 Ohio St. 3d 40, 537 N.E. 2d 624, paragraph one of the syllabus; *followed,  Thrift Federal Sav. & Loan Ass'n v. Overton*, 56 Ohio St. 3d 48, 52 (Ohio 1990); *accord, Superior Bank, FSB v. Boyd (In re Lewis)*, 398 F.3d 735, 747 (6th Cir. 2005) (applying Michigan law, subrogee acquires no greater rights than those possessed by the subrogor.)

[2] *Smith v. Provident Bank*, 170 F.3d 609, 613 (6th Cir. 1999).

2

would circumvent Congress's enforcement scheme to allow a plan to enforce the duties created in § 1109(a) by suing directly under state law. Therefore, the fact that the Plans have been listed as plaintiffs in these cases does not save the state-law fiduciary-duty claims from preemption." [3] Moreover, Ulico may not craft common law claims, for the purpose of enforcing ERISA duties, to subvert the enforcement scheme enacted by Congress.

The Sixth Circuit has decided that a custodian to funds of an ERISA plan is a fiduciary under the statute. *Smith v. Provident Bank*, 170 F.3d at 614 (custodian bank "was an ERISA fiduciary as long as it exercised control over plan assets."). Moreover, the Court explained that to the extent the bank delegated duties and powers to the employee who managed the plan account, that employee was also a fiduciary governed by the statute. *Id.* Ulico expressly alleged that Defendants owe the Pension Fund fiduciary duties. *See* Complaint ¶¶ 21 through 26. As expressly decided in *Smith v. Provident Bank*, an ERISA pension plan does not have standing to bring a claim of breach of fiduciary duty, or any other common law claims that attempt to define the duties of an ERISA fiduciary:

> The remedy Congress has provided for the misconduct of a fiduciary is a suit by a beneficiary or participant, another fiduciary, or the Secretary of Labor. *See 29 U.S.C. §1132*(a); *Mass. Mut., 473 U.S. at 140.* **Just as the Plans cannot circumvent Congress's scheme through a state-law claim for breach of fiduciary duty, they cannot circumvent that scheme by using other state causes of action to define the duties and liabilities of an ERISA fiduciary.**

*Smith*, at 616-17.

## CONCLUSION

Plaintiff Ulico is a sophisticated insurance carrier attempting to demand rights it does not possess through creative drafting of a state-law action. Defendants move the Court to dismiss the Complaint, for an award of all costs, expenses and attorney fees incurred by Defendants in

---

[3] 29 U.S.C. § § 1109(a), 1132(a); *Smith v. Provident Bank*, 170 F.3d at 616.

association with their defense of this matter, and any other remedy in equity the Court deems just.

                                                    Respectfully submitted,

/s/ Karen L. Giffen
Karen L. Giffen ( 0042663)
Steven R. Malynn (0067339)
GIFFEN & KAMINSKI, LLC
1717 East Ninth Street, Suite 2100
Cleveland, Ohio 44114
Phone: 216-621-5161
Fax:    216-621-2399
E-mail: kgiffen@thinkgk.com
        smalynn@thinkgk.com

*Attorneys for Defendants KeyBank National Association, Victory Capital Management, Inc., and James Thompson*

## **CERTIFICATE OF SERVICE**

   A copy of the foregoing Motion to Dismiss was filed electronically this 29th day of August 2005.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


                /s/ Karen L. Giffen
                Karen L. Giffen