**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ULICO CASUALTY COMPANY<br><br>Plaintiff,<br><br>v.<br><br>KEYBANK NATIONAL ASSOCIATION, et al.,<br><br>Defendants. | Case No. 2:05-CV-791<br><br>Judge Watson<br><br>Magistrate Kemp |

# Plaintiff's Memorandum Opposing Defendant's Motion to Dismiss

## I. Plaintiff has standing to bring this action.

In seeking dismissal of plaintiff's complaint, the defendants claim that plaintiff does not have standing under the Employment Retirement Income Security Act ("ERISA") to bring suit against an ERISA fiduciary for breach of fiduciary duty. Defendants argue that suits against an ERISA fiduciary for breach of fiduciary duty are preempted by ERISA and that ERISA allows such actions to be brought only by certain parties, including beneficiaries, participants, or other ERISA fiduciaries. The defendants conclude that Ulico is subrogated to the rights of an ERISA plan which, although is an entity capable of suing and being sued, does not have statutory standing to sue an ERISA fiduciary for breach of fiduciary duty. In that regard, the defendants correctly note that the rights of the subrogee are not greater than the rights of the subrogor.

The defendants' motion to dismiss should be denied, however, because Ulico is subrogated to the rights of an entity who has standing to bring an action for breach of

fiduciary duty against the defendants. Specifically, Ulico is subrogated to the rights of the fund trustees.

Ulico's subrogation rights derive from a settlement agreement between Ulico and the Fund. The Settlement Agreement[1] provides for subrogation and assigns to Ulico all claims the Fund may have and authorizes Ulico to sue on behalf of the Fund as follows:

> **X.  SUBROGATION**
>
> In consideration of and to the extent of said payment of Ulico in Section I of this Agreement, the Fund hereby subrogates Ulico to all of the rights, claims and interest which the Fund may have against any third-party who caused or contributed to the loss alleged in the Demand, including but not limited to Segal Company, Segal Advisors, Victory Capital Management, and/or Key Trust Company, and authorizes Ulico to sue, compromise or settle in the Fund's name or on behalf of the Fund all such claims and to execute and sign releases and acquittances and endorse checks or drafts given in settlement of such claims in the name of the Fund or on behalf of the Fund, with the same force and effect as if the Fund executed or endorsed them.

The Settlement Agreement defines "Fund" broadly as follows:

> B.  The "Fund" means the Sheet Metal Workers Local 98 Pension Fund and the Board of Trustees of the Sheet Metal Workers 98 Local Pension Fund, its past, present and future officers, directors, shareholders, principals, parents, subsidiaries, affiliates, representatives, predecessors, successors, agents, attorneys or assigns, and any and all Persons action under their direction or control or on their behalf.

Accordingly, Ulico is contractually subrogated to the rights of the pension fund **as well as** the rights of the pension fund's Board of Trustees, its members, and its employees. The trustees of an ERISA plan are "fiduciaries", and therefore have

---

[1] A copy of the Settlement Agreement is Exhibit B to Plaintiff's proposed First Amended Complaint which is attached to Plaintiff's Motion for Leave to File Amended Complaint filed contemporaneously with this Memorandum Contra.

2

standing to bring actions for breach of fiduciary duty against other ERISA fiduciaries pursuant to 29 U.S.C. §1132(a)(2). See, for example, *Ulico Cas. Co. v. Clover Capital Management*, 146 F.Supp.2d 163 (N.D.N.Y. 2001).

Plaintiff's original complaint was filed in state court and was not drafted to address the requirements of ERISA. In particular, the original complaint alleges that Ulico is subrogated to the rights of the fund, without making clear that "the fund" includes the pension plan's Board of Trustees who are ERISA fiduciaries.

Simultaneously with the filing of this Memorandum Contra, Plaintiff is filing a motion for leave to file an Amended Complaint which more fully and explicitly sets forth allegations under ERISA, including Ulico's standing to bring the claim. The allegations in the amended complaint demonstrate Ulico's standing to bring claims of breach of fiduciary duty against the Defendants. Accordingly, Ulico should be granted leave to file its Amended Complaint, and the defendants' motion to dismiss should be denied.

## II. If the Court finds that Ulico does not have standing under ERISA, this action must be remanded to state court.

As set forth above, the defendants' motion to dismiss should be denied. In the event that the court finds that Ulico does not have standing to bring claims for breach of fiduciary duty under ERISA, however, the court must remand this action back to state court. *Ward v Alternative Health Delivery Systems, Inc.*, 261 F.3d 624, 627 (6th Cir. 2000). Pursuant to *Ward*, a finding that Ulico does not have standing deprives the court of subject matter jurisdiction and requires remand to the state court for consideration of the state law causes of action.

## III.     Conclusion

For the reasons set forth above, Ulico should be granted leave to file its Amended Complaint, and the defendants' motion to dismiss should be denied.

Respectfully Submitted,

CLARK, PERDUE, ARNOLD & SCOTT

/s/ Glen R. Pritchard_____
**GLEN R. PRITCHARD      (0040453)**
Attorney for Plaintiff
471 East Broad Street, Suite 1400
Columbus, OH 43215
Telephone:   (614) 469-1400
Facsimile:    (614) 469-0900
E-mail: gpritchard@cpaslaw.com


## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Karen L. Giffen and Steven Malynn, attorneys for Defendants.

CLARK, PERDUE, ARNOLD & SCOTT

/s/ Glen R. Pritchard_____ _
**GLEN R. PRITCHARD       (0040453)**
Attorney for Plaintiff

4