**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ULICO CASUALTY COMPANY<br>1625 I Street, NW<br>Washington, DC 20005<br><br>    Plaintiff<br><br>    v.<br><br>KEYBANK NATIONAL ASSOCIATION<br>127 Public Square<br>Cleveland, OH 44114<br><br>    and<br><br>VICTORY CAPITAL MANAGEMENT, INC.<br>c/o Csc-Lawyers Incorporating Service, statutory agent<br>50 West Broad Street<br>Suite 1800<br>Columbus, OH 43215<br><br>    and<br><br>JAMES THOMPSON<br>88 East Broad Street<br>Columbus, OH 43215<br><br>    Defendants. | Case No. 2:05-CV-791<br><br>Judge Watson<br><br>Magistrate Kemp<br><br>(JURY DEMAND ENDORSED HEREON) |

## **FIRST AMENDED COMPLAINT**

### *Background*

1. Defendant KeyBank National Association ("KeyBank") is a corporation with its principal place of business located in Cleveland, Ohio.

2. Defendant Victory Capital Management, Inc. ("Victory") is a corporation formed in the state of New York, with its principal place of business located in Cleveland, Ohio.

3. Sheet Metal Worker's Local 98 Pension Fund ("the pension fund") is a labor union pension fund subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, et. seq. The pension fund's principal place of business is at 3033 Lamb Road, in Columbus, Ohio.

4. The pension fund is governed by the Board of Trustees of the Sheet Metal Worker 98 Local Pension Fund ("the Trustees"). The Trustees are fiduciaries of the pension fund pursuant to ERISA. (The Sheet Metal Worker's Local 98 Pension Fund and the Board of Trustees of the Sheet Metal Worker 98 Local Pension Fund are hereinafter referred to collectively as "the Fund".)

5. At all relevant times, G. Daniel Carres was the administrator for the pension fund.

6. Plaintiff Ulico Casualty Company ("Ulico") issued a Trustee and Fiduciary Liability Insurance Policy, policy number FLP-1803066. The policy covers the Fund, the Trustees, and their employees, including Mr. Carres, as insureds.

7. At all relevant times, Defendants Victory and/or KeyBank acted as custodian of the pension fund's investment assets. As custodian, Victory and/or KeyBank were responsible for safeguarding the pension fund's assets and executing trades of securities as directed by the Fund.

8. At all relevant times, Defendant James Thompson was employed by KeyBank and/or Victory to act as the Account Administrator for the pension fund.

Defendant James Thompson was responsible for safeguarding the pension fund's assets and executing trades of securities as directed by the Fund.

9. By letter dated January 30, 2003, Mr. Carres, on behalf of the Fund, instructed Defendant James Thompson to transfer $2 million of the pension fund's assets from the Loomis bond fund to the Mellon equity fund. A copy of this letter is attached hereto as Exhibit A.

10. Pursuant to these instructions, Defendant Thompson liquidated $2 million of the pension fund's assets from the Loomis account on February 10, 2003.

11. Defendant Thompson failed to promptly invest the proceeds of the sale of the Loomis shares in the Mellon equity fund until May 22, 2003.

12. As a proximate result of the negligence of Defendant Thompson, the pension fund suffered a loss of appreciation on the Mellon fund shares in the amount of $259,114.12.

13. The Fund made a claim against Mr. Carres for this loss pursuant to the terms of a Trustee and Fiduciary Liability Insurance Policy, policy number FLP-1803066, issued by Plaintiff Ulico.

14. Plaintiff Ulico ultimately paid $250,000.00 to settle the Fund's claim on or about February 15, 2005.

15. In consideration of Ulico's payment, Ulico and the Fund entered into a settlement agreement, a true and accurate copy of which is attached hereto as Exhibit B.

16. Pursuant to the settlement agreement between the Fund and Ulico, the parties agreed as follows:

> In consideration of and to the extent of said payment of Ulico in Section I of this Agreement, the Fund hereby subrogates Ulico to all of the rights, claims and interest which the Fund may have against any third-party who caused or contributed to the loss alleged in the Demand, including but not limited to Segal Company, Segal Advisors, Victory Capital Management, and/or Key Trust Company, and authorizes Ulico to sue, compromise or settle in the Fund's name or on behalf of the Fund all such claims and to execute and sign releases and acquitances and endorse checks or drafts given in settlement of such claims in the name of the Fund or on behalf of the Fund, with the same force and effect as if the Fund executed or endorsed them.

17. The settlement agreement between the Fund and Ulico also defined "The Fund", for purposes of the agreement, to mean: "the Sheet Metal Workers Local 98 Pension Fund and the Board of Trustees of the Sheet Metal Workers 98 Local Pension Fund, its past, present and future officers, directors, shareholders, principals, parents, subsidiaries, affiliates, representatives, predecessors, successors, agents, attorneys or assigns, and any and all Persons acting under their direction or control or on their behalf."

18. Pursuant to the settlement agreement, Plaintiff is subrogated to all claims of the Board of Trustees of the Sheet Metal Workers 98 Local Pension Fund and its employees, including Mr. Carres, against Defendants Victory, KeyBank, and James Thompson, up to the amount of Plaintiff's payment of $250,000.00.

### *Count I: Breach of Fiduciary Duty*

19. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 18 herein by reference.

20. As the custodian of assets of the pension fund, Defendants owed a fiduciary duty to the pension fund pursuant to ERISA.

21. Defendants breached their fiduciary duty to the pension fund by failing to promptly invest pension fund assets, as described previously in this Complaint.

22. In the alternative, Defendants breached their fiduciary duty to the pension fund by negligently failing to promptly advise the Fund that Defendants required more information to carry out the investment of the pension fund's assets are directed by Mr. Carres.

23. As a proximate result of Defendants' breach of fiduciary duty, the pension fund suffered damages in the amount of $259,114.12.

24. Plaintiff is entitled to an award of reasonable attorney fees and costs pursuant to 29 U.S.C. 1132(g).

### *Count II: Negligence*

25. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 24 herein by reference.

26. Defendant James Thompson owed a duty of due care and reasonable diligence to safeguard the Fund's assets and timely execute trades of securities as directed by the Fund.

27. Defendant James Thompson breached his duty of due care and reasonable diligence by negligently failing to promptly invest pension fund assets as directed by the Fund as set forth previously in this Complaint.

28. In the alternative, Defendant James Thompson breached his duty of due care and reasonable diligence by negligently failing to promptly advise the Fund that he required more information to carry out Mr. Carres' investment instructions.

29. As a proximate result of the negligence of Defendant James Thompson, the pension fund suffered damages in the amount of $259,114.12.

### *Count III: Vicarious Liability*

30. Plaintiff hereby incorporates the allegations set forth in Paragraphs 1 through 29 herein by reference.

31. At all relevant times, Defendant James Thompson was the employee and/or agent of Defendant Victory and/or KeyBank.

32. At all relevant times, Defendant James Thompson was acting in the furtherance of that employment and/or agency.

33. Defendant Victory and/or KeyBank are vicariously liable for the negligence of and/or breach of fiduciary duty by Defendant James Thompson.

WHEREFORE, Plaintiff demands judgment against Defendants Victory Capital Management, Inc., KeyBank National Association, and James Thompson, and each of them jointly and severally, in an amount of $250,000.00, plus interest, the costs of this action, attorney fees, and any other relief the court may deem appropriate.

    Respectfully Submitted,

    CLARK, PERDUE, ARNOLD & SCOTT

    /s/ Glen R. Pritchard _____
    **GLEN R. PRITCHARD     (0040453)**
    Attorney for Plaintiff
    471 East Broad Street, Suite 1400
    Columbus, OH 43215
    Telephone:   (614) 469-1400
    Facsimile:     (614) 469-0900
    E-mail: gpritchard@cpaslaw.com

# Jury Demand

Plaintiff hereby demands a trial by jury as to all issues triable to a jury.

CLARK, PERDUE, ARNOLD & SCOTT

/s/ Glen R. Pritchard_____
**GLEN R. PRITCHARD        (0040453)**
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Karen L. Giffen, Steven Malynn, and Jeffrey T. Peters, attorneys for Defendants.

CLARK, PERDUE, ARNOLD & SCOTT

/s/ Glen R. Pritchard_____
**GLEN R. PRITCHARD        (0040453)**
Attorney for Plaintiff