IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ULICO CASUALTY COMPANY, | ) | CASE NO. 2:05-CV-791 |
| | ) | |
| Plaintiff, | ) | JUDGE WATSON |
| | ) | |
| v. | ) | MAGISTRATE KEMP |
| | ) | |
| KEYBANK NATIONAL ASSOCIATION, et al., | ) | **ANSWER OF ALL** |
| | ) | **DEFENDANTS TO** |
| Defendants. | ) | **AMENDED COMPLAINT** |

For their Answer to the Amended Complaint, Defendants KeyBank National Association ("KeyBank"), Victory Capital Management, Inc. ("Victory") and James Thompson ("Thompson") (collectively "Defendants") state as follows:

## FACTS COMMON TO ALL CLAIMS

### The Parties

1. In response to Paragraph 1 of the Amended Complaint, Defendants state that KeyBank National Association is a national bank, OCC chartered, and a wholly-owned subsidiary of KeyCorp, a corporation headquartered in Cleveland, Ohio.

2. Defendants admit the allegations stated in Paragraph 2 of the Amended Complaint.

3. Defendants admit the allegations stated in Paragraph 3 of the Amended Complaint.

4. Defendants admit the allegations stated in Paragraph 4 of the Amended Complaint.

5. In response to Paragraph 5 of the Amended Complaint, Defendants state that G. Daniel Carres was designated as Fund Manager by Sheet Metal Workers' Local 98 Pension Fund

(hereafter "Pension Plan"), and identified by the Pension Plan as the named fiduciary authorized to make investment decisions during the times referenced in the Complaint; Defendants deny the remaining allegations stated in Paragraph 5 of the Complaint for want of knowledge sufficient to verify their truth or falsity.

6. Defendants deny the allegations stated in Paragraph 6 of the Amended Complaint for want of knowledge sufficient to verify their truth or falsity.

### Duties Owed to the Pension Plan

7. In response to Paragraph 7 of the Amended Complaint, Defendants admit that Victory acted as custodian of the Pension Plan's investment assets pursuant to the ERISA Custodial Account Agreement dated February 2, 1996 ("Agreement") (a true copy of the Agreement is attached as Exhibit 3 to the Notice of Removal filed previously by Defendants, and is attached hereto and incorporated by reference herein); Defendants further state that all duties owed to the Pension Plan are expressed in the Agreement and Defendants admit that the Agreement requires Defendants to execute trades of securities as directed by Named Fiduciaries and Investment Managers identified by the Pension Plan; Defendants deny the remaining allegations stated in Paragraph 7 of the Amended Complaint.

8. In response to Paragraph 8 of the Amended Complaint, Defendants admit that Victory employed Mr. Thompson to perform duties required under the Agreement, as explained in Paragraph 7 of the Answer above; Defendants deny the remaining allegations stated in Paragraph 8 of the Amended Complaint.

9. In response to Paragraph 9 of the Amended Complaint Defendants admit Exhibit A to the Amended Complaint is an annotated copy of a facsimile of a letter from Mr. Carres to

Mr. Thompson; Defendants deny the remaining allegations stated in Paragraph 9 of the Amended Complaint.

10. Defendants admit the allegations stated in Paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations stated in Paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations stated in Paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations stated in Paragraph 13 of the Amended Complaint for want of knowledge sufficient to verify their truth or falsity.

14. Defendants deny the allegations stated in Paragraph 14 of the Amended Complaint for want of knowledge sufficient to verify their truth or falsity.

15. Defendants deny the allegations stated in Paragraph 15 of the Amended Complaint for want of knowledge sufficient to verify their truth or falsity.

16. Defendants deny the allegations stated in Paragraph 16 of the Amended Complaint for want of knowledge sufficient to verify their truth or falsity.

17. Defendants deny the allegations stated in Paragraph 17 of the Amended Complaint for want of knowledge sufficient to verify their truth or falsity.

18. Defendants deny the allegations stated in Paragraph 18 of the Amended Complaint for want of knowledge sufficient to verify their truth or falsity.

## **CLAIMS FOR RELIEF**

### **Count I: Breach of Fiduciary Duty**

19. In response to Paragraph 19 of the Amended Complaint, Defendants incorporate by reference paragraphs 1 through 18 above.

20. Defendants admit that custodians owe fiduciary duties as detailed in the Agreement, as explained in Paragraph 7 of the Answer above.  Further answering, Defendant deny the remaining allegations stated in Paragraph 20.

21. Defendants deny the allegations stated in Paragraph 21 of the Amended Complaint.

22. Defendants deny the allegations stated in Paragraph 22 of the Amended Complaint.

23. Defendants deny the allegations stated in Paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations stated in Paragraph 24 of the Amended Complaint.

### **Count II: Negligence**

25. In response to Paragraph 25 of the Amended Complaint, Defendants incorporate by reference paragraphs 1 through 24 above.

26. In response to Paragraph 26 of the Amended Complaint, Defendants admit that Mr. Thompson owed a duty to the Pension Fund, as explained in Paragraph 7 of the Answer above.  Further answering, Defendants deny the remaining allegations stated in Paragraph 27 of the Amended Complaint.

27. Defendants deny the allegations stated in Paragraph 27 of the Amended Complaint.

28. Defendants deny the allegations stated in Paragraph 28 of the Amended Complaint.

29. Defendants deny the allegations stated in Paragraph 29 of the Amended Complaint.

### Count III: Vicarious Liability

30. In response to Paragraph 30 of the Amended Complaint, Defendants incorporate by reference paragraphs 1 through 29 above.

31. Defendants admit the allegations stated in Paragraph 31 of the Amended Complaint.

32. Defendants deny the allegations stated in Paragraph 32 of the Complaint for the reason that it is to vague to be answered intelligibly.

33. Defendants deny the allegations stated in Paragraph 33 of the Amended Complaint.

### AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by application of 29 U.S.C. § 1101 et seq, (ERISA).

2. Plaintiff's negligence claim is barred by the applicable statute of limitations.

3. Plaintiff lacks standing to bring the fiduciary duty claims alleged in the Amended Complaint.

4. Plaintiff's Amended Complaint is barred by application of the doctrine of laches.

5. Any damage which Plaintiff's insured may have suffered was the result of actions or failure to act of others and not the result of actions or failure to act by Defendants.

6. Plaintiff has failed to state a cause of action upon which relief can be granted.

7. Plaintiff has waived and/or is estopped from asserting its claims against Defendants.

8. Plaintiff's claims are barred by the doctrines of contributory and comparative negligence.

9. Plaintiff's claims are barred by operation of the Agreement between Defendants and Plaintiff's insured referenced above.

10. Plaintiff's insured has failed to mitigate damages.

11. The Amended Complaint fails to join a party necessary and/or indispensable for just adjudication.

WHEREFORE, having fully answered, Defendants, KeyBank National Association, Victory Capital Management Inc., and James Thompson  respectfully request that the Amended Complaint be dismissed at Plaintiff's costs and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Jeffrey T. Peters
Karen L. Giffen (0042663) – Trial Counsel
Steven R. Malynn (0067339)
Jeffrey T. Peters  (0071181)
GIFFEN & KAMINSKI, LLC
1717 East Ninth  Street, Suite 2100
Cleveland, Ohio 44114
Phone: 216-621-5161
Fax:    216-621-2399
E-mail: KGiffen@thinkgk.com
             SMalynn@thinkgk.com
             JPeters@thinkgk.com
**Attorneys for Defendants KeyBank National Association, Victory Capital Management, Inc., and James Thompson**

## **CERTIFICATE OF SERVICE**

On October 28, 2005, I electronically filed a copy of the foregoing Answer of All Defendants to Plaintiff's Amended Complaint via the Court's CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Jeffrey T. Peters
Karen L. Giffen
Steven R. Malynn
Jeffrey T. Peters